E. A. McMurray, Appellant, v. John H. Faust, Appellee.

No. 43946.

November 23, 1937.

Cross & Hamill, for appellant.

Korf & Korf, for appellee.

PARSONS, J.—In this case the plaintiff sought an injunction against the defendant, and upon presentation of the petition to the court, we take it *ex parte,* a temporary injunction was granted. Subsequently a motion was made to dissolve the temporary injunction. This was contested and the temporary injunction was dissolved. The plaintiff appealed from this ruling. The case then came on for trial in the district court, and the testimony introduced was the testimony upon which the temporary injunction was dissolved by Judge Patterson, who had issued the temporary injunction.

The hearing on the merits was before Judge Bechly and the result of the hearing on the merits was that the permanent injunction was granted. From the granting of the permanent injunction the defendant appealed to this court. The record of the hearing and the evidence introduced for the dissolution of the temporary injunction was the same record that was made on the final hearing, which resulted in a permanent injunction.

So in this opinion, to avoid confusion, the appellant herein will be called "plaintiff", and the appellee herein will be called "defendant". The case is one between two physicians, the plaintiff being Dr. E. A. McMurray, and the defendant Dr. John H. Faust, and the suit was brought by plaintiff for the purpose of enjoining the defendant from practicing medicine and surgery in Jasper County, Iowa, for a period of five years from the first day of April, 1935.

The plaintiff was a physician with an extensive practice in Jasper County, built up through the years of attention to business. The defendant was employed by the plaintiff to assist him in that business. There was a written contract between the parties which contract was attached to the plaintiff's petition as Exhibit A. In this contract, which was made the 28th day of March, 1935, Dr. McMurray agreed to employ Dr. Faust for the period of one year from April 1, 1935 to March 31, 1936, to assist him as a physician and surgeon in connection with his practice at Newton, Iowa, and was to pay $200 per month to the defendant during the period of said employment, payment to be made $100 semimonthly, on the 15th and 30th of the month, on and after April 15, 1935. The business was to be carried on under the name of Dr. McMurray, his office being in Newton, Iowa. McMurray was to furnish all the equipment and bear the expenses of rearranging his offices for the con-

venience of Dr. Faust. Provision was made for a daily account of the work done to be placed on the books, all instruments to be furnished by Dr. Faust would remain his own. Dr. Faust on his part agreed to use his best efforts to maintain and increase the practice of Dr. McMurray, and to assist in receiving and treating patients during office hours, and to make all professional calls and operations as might be necessary for the proper care of the patients he treated whenever requested by Dr. McMurray. Dr. Faust was to furnish his own means of transportation at his own expense. The concluding portion of said contract was as follows:

"Except when in the employ of the First Party, the Second Party hereby agrees not to practice as a physician and surgeon for a period of Five (5) years from and after April 1, 1935, either by himself or as a member of a partnership, or as an employee of or associated with any individual, firm, partnership or corporation, other than the First Party, in said County of Jasper and State of Iowa, and agrees that if he shall at any time violate this agreement he will forfeit and pay to the First Party the sum of Five Thousand and no/100 ($5,000.00) Dollars as liquidated damages for such breach of agreement.

"A written contract expressing the terms of employment or the basis of the business relationship between the parties hereto to become effective upon the termination of the within agreement shall be executed prior to the 1st day of March, 1936."

This action was commenced on April 16, 1936. It will be noticed, by the strict terms of the contract between the parties Dr. McMurray hired Dr. Faust for a period of one year, which expired March 31, 1936. By the terms of the agreement a written contract expressing the terms of employment, or the basis of business relations between the parties, to become effective upon the termination of the signed agreement, should be exercised prior to the first day of March, 1936. That is to say, after Dr. Faust had performed services for Dr. McMurray for eleven months, if he wished further to continue with Dr. McMurray, and Dr. McMurray wished to retain Dr. Faust, there should be a new contract made in writing, executed prior to the first day of March, 1936, but to become effective at the date of the expiration of the period for which Dr. Faust was

hired in the contract in suit. No such subsequent contract was ever made or entered into, either in writing or verbally.

The petition filed April 16, 1936, asked for a decree and judgment against Faust for practicing medicine and surgery in Jasper County in violation of the agreement, and also that temporary injunction issue restraining him from practicing his profession in Jasper County for five years from April 1, 1935.

The petition being presented to the court then presided over by Judge Patterson, and there being no showing to the contrary we treat it as if the presentation was *ex parte*, the court entered on the same day an order granting temporary injunction, with bond at one thousand dollars.

On the 18th day of April, the defendant filed a motion to dissolve the temporary injunction, the grounds of which were:

1st. That there is no good and sufficient bond filed in this case with sureties having the qualification required by law.

2d. That the plaintiff's petition shows upon its face that the plaintiff elected to provide his remedy for a breach of said contract, if any, by stipulation for liquidated damages, and that he is bound by said stipulation and is not entitled to an injunction as prayed.

3d. That the defendant is a married man living with his wife and two children who are dependent upon him for support and that his only avocation is that of a physician and surgeon and that said writ will cause the defendant irreparable injury and damages for which he has no plain, speedy and adequate remedy at law.

4th. That the plaintiff does not come into court with clean hands and by reason of said fact is not entitled to any relief herein.

5th. That the petition shows on its face that the plaintiff is not entitled to the relief demanded.

In support of the foregoing motion, defendant offers his answer filed herein and prays that he be permitted to introduce oral evidence in support thereof.

On the same day, April 18, 1936, the defendant filed answer in three divisions, the first division being:

"Par. 1. That he admits that he is a resident of the City of Newton, Iowa, and duly licensed to practice medicine and surgery within the State of Iowa.

"Par. 2. Defendant admits that on or about March 28, 1935, the plaintiff and defendant entered into a written agreement, a copy of which is attached to plaintiff's petition, marked Exhibit 'A'."

"Par. 3. Defendant admits that in accordance with the terms and provisions of the contract, the defendant entered into the employ of the plaintiff and performed his duties thereunder strictly in accordance with said agreement."

"Par. 4. Defendant denies each and every other allegation contained in plaintiff's petition."

Each of the other two divisions of the answer alleged the same matters and things as were alleged in paragraphs 1, 2, and 3 of division I.

In division II it was also alleged that at the time of the entering into the contract it was contemplated by the parties, and it was their intention, that the contract was to be continued following April 1, 1936, if desired by the parties; but if the contract was not so continued, the defendant was to be permitted to continue the practice of his profession at Newton, Iowa, even though not in the employ of the plaintiff; and that the liquidated damages set forth as agreed upon would be the damages plaintiff would sustain on the termination of the employment; he denied he was insolvent, and alleged his financial condition was better than when the contract was entered into.

In division III it was also alleged that it was the contemplation of the parties that the employment was to continue after April 1, 1936, and that after that date it was orally agreed between the parties that defendant should continue in the employ of Dr. McMurray for another year, upon the basis of one-third of the net profits of the business, with a minimum of not less than $300 per month; and that pursuant to this oral contract the defendant entered into and upon the performance of said agreement until the 9th day of April, 1936, at which time he was, without cause or just excuse, discharged by the plaintiff.

On May 20, 1936, the plaintiff filed a resistance to defendant's motion to dissolve the injunction, setting forth therein:

"Par. 1. Plaintiff denies ground 1 of Defendant's Motion and states that a temporary injunction bond has been filed with

good and sufficient surety having the qualifications required by law.

"Par. 2. Plaintiff admits that Defendant is a married man living with his wife and two children as alleged in ground 3 of Defendant's motion, and further alleges that the within action is to enforce the terms of a contract voluntarily entered into by Defendant as alleged in Plaintiff's Petition.

"Par. 3. Plaintiff denies each and every other statement and allegation made and contained in said Motion which is not hereinbefore admitted, modified or explained, and which is inconsistent with and contradictory to the statements and allegations made and contained in Plaintiff's Petition."

Judge Patterson heard the resistance to motion, and evidence was introduced thereon, and a full record of the hearing made. On the 26th day of May he entered an order dissolving the temporary injunction, and from this plaintiff appealed to this court. On September 14th plaintiff filed reply to the answer filed by defendant, denying there was any agreement, other than that embodied in the contract, for the continuation of employment beyond April 1, 1936; that the parties were unable to agree on terms, and there was no oral or written contract executed extending defendant's employment, consequently defendant's employment terminated at the end of the period covered by the contract, Exhibit A; he denied each and every other allegation contained in defendant's answer.

Defendant then filed a motion to dismiss, and for costs, one of the grounds of which was that the temporary injunction having been dissolved on motion, there is nothing further for the court to determine; another ground that the action was simply for a temporary injunction; that the case had been fully tried on the motion, and that all the evidence was given in the hearing on the motion; and that the rule is hence res adjudicata; that the action having been tried on motion to dismiss temporary injunction after answer by the defendant, which answer was in no way denied by the plaintiff, the allegations of said answer must be taken as true and the plaintiff was not entitled to the relief demanded; and further, that the cause having been fully determined adversely to the plaintiff on temporary hearing, there was nothing further for the court to do except to enter an adjudication for costs, and that under the record the defendant was entitled to judgment against the plaintiff for costs.

There is no ruling shown on this last motion, and the matter came on for hearing on final submission; the parties stipu-. lated and agreed that all the testimony taken and offered on the hearing on motion to dissolve be considered as evidence in the trial on the issues; and on the objections and answers thereto and motions to strike offered in their behalf. Both parties rested, and the case was submitted to the court on September 19, 1936.

The plaintiff filed a resistance to defendant's motion to dismiss and for costs, setting forth that the order of dissolution was merely interlocutory; it was not competent for the trial court to determine the issue as to whether or not the plaintiff was entitled to a permanent injunction; that the order dissolving the temporary injunction is not an adjudication of the issues raised on the granting of a permanent injunction; that issues were raised by defendant's motion to dissolve the temporary injunction which are not now in issue on the question of plaintiff's right to a permanent injunction; and that, in granting the order dissolving the temporary injunction, the court apparently considered issues raised at the hearing and evidence offered which are not in issue on the question of plaintiff's right to a permanent injunction upon the final hearing; that the order dissolving the temporary injunction merely determines that the plaintiff was not entitled to same, and is no bar to his right to a permanent injunction upon final hearing; that the reply filed by plaintiff on September 14, 1935, denies practically all of the allegations of plaintiff's answer; and the court now is not bound by the order of the trial court dissolving the temporary injunction; that on the issues raised and under all the evidence offered. the plaintiff is entitled to a permanent injunction.

On the 16th of September, 1936, the defendant filed an amendment to answer, pleading practically the same matters set out in the objections to the motion to dismiss on account of the dissolution of the temporary injunction. Further pleading was filed by the plaintiff called "Motion to Dismiss Amendment to Answer", setting up reasons why the ruling on the temporary injunction was not controlling, and stating that the order dissolving the temporary injunction is not based on grounds determinative of the main case on its merits.

.The court thereupon rendered an opinion and directed plaintiff's counsel to prepare a decree in accordance .with the

court's instructions and decision. The decree was for the plaintiff and permanently enjoined the defendant from practicing medicine and surgery in Newton, and Jasper County, Iowa, for a period of five years from April 1, 1935, and gave judgment against defendant for costs in the sum of $18.50. The defendant appealed from this decree.

We have examined the testimony of the parties to the contract at the hearing on the dissolution of the temporary injunction, which testimony was by stipulation agreed to be considered as the evidence offered upon trial of the issues in the main case. It appears that plaintiff, Dr. McMurray, was a physician living in Newton, Iowa, having graduated from the high school there, and after that he was educated to be a physician. He returned to Newton and was in the office of two physicians for a short period, then opened an office and started in business for himself in July 1927, and gathered up a very good and lucrative business. Dr. Faust was a physician from Oskaloosa where he had practiced six months, and prior to that had practiced in South Dakota five years. The two doctors met in Oskaloosa in 1935, and shortly afterward Dr. Faust left Oskaloosa and entered the office of Dr. McMurray at Newton, Iowa, as his employee, under the terms of the contract in question. This contract covered a period of one year, and near the termination of same discussion arose as to a new contract; terms were proposed on both sides, but the two doctors could not agree on same. Dr. Faust demanded nothing less than a third of the net income with a guarantee of the income or $300 per month, whichever was the most, and the year following he wanted 50 per cent of the income with a larger guarantee than the ensuing year. Dr. McMurray would not agree to this, and made no further gesture toward entering into a new contract. Dr. McMurray made certain offers to Dr. Faust who rejected them, standing pat on his own demands. Finally on April 8, 1936, Dr. McMurray told Dr. Faust he was no longer employed.

The contract recites "liquidated" damages, and fixes the amount due as $5,000. It also prohibits Dr. Faust practicing in Jasper County for a period of five years from the time they entered into the written contract. It is claimed in this case by the defendant that these damages having been designated as "liquidated" damages in the contract, that that is all the plain-

tiff can recover, and all the rights he has under this contract. That is the first question to be determined in this case.

The use of the term "liquidated" is relied upon by the defendant to defeat the injunction entered against him. True, ordinarily "liquidated" implies *settled* or *adjusted*. But the contract in this case requires of the defendant that he shall do several things: (1) accept the employment by the plaintiff for the period of one year; (2) render to the bookkeeper, or person employed for that purpose, a daily report of the work and visits made, together with all money paid on account of work done, or visits made; (3) to faithfully use his best efforts to maintain and increase the practice of first party by the means set out in the contract; (4) not to practice as a physician and surgeon in Jasper County for a period of five years from and after April 1, 1935, except under certain conditions. So it will be seen there are several conditions in this contract, a violation of any one of which on the part of second party, would apparently subject the defendant to a payment of the sum of five thousand dollars. True, it is said in the contract "liquidated damages".

█ ■ ■ 8 Ruling Case Law, page 563, has this to say about such a contract:

"Such a contract may be construed as providing for a penalty rather than for liquidated damages, in instances where it contains several stipulations of different degrees of importance; or where the damages resulting from the breach are readily ascertainable, and the amount stipulated to be paid is greatly in excess of the actual damages; or where a strict construction of the language used would work absurdity or oppression."

In view of the different ways in which this contract may be breached, it seems to us that this rule is just.

In regard to the use of the word "penalty" this same authority says:

"In general, the use of the word 'penalty' does not conclusively show that the sum named was intended as a penalty. Hence, contracts using the word 'penalty' are sometimes held to provide for liquidated damages, as where the sum named is reasonable and the actual damages are uncertain in amount and difficult to prove."

In either case the rule is that the use of the word "penalty" or the use of the word "liquidated", without further emphasis, is the word that controls.

Section 114 of 8 R. C. L. at page 564, says:

"As a general principle, it is the tendency and preference of the law to regard the stipulation or covenant as of the nature of a penalty, rather than as liquidated damages, because then it may be apportioned to the loss actually sustained, and compensation for that loss is the full measure of justice and right. But where the circumstances and the nature of the contract are such that the actual damages are not ascertainable with any certainty the rule stated does not apply. Ordinarily, however, a sum named will be regarded as a penalty if it is out of all proportion to the actual damages, or where it was clearly the intention of the parties that it was to be regarded as a penalty."

Again, in the same section, the rule is laid down that, "If there is a stipulation for the payment of a fixed, unvarying sum, without regard to the date of the breach, when in the nature of things the date of the breach would be all important in determining the element of actual damages ensuing, the stipulation must be held to be one for a penalty."

So in the case here, if this man had worked on until the five years had nearly expired, and a break was made between the doctors, there certainly would be much less time that defendant would be liable for breach of the covenant, and consequently the damages would be penal and not liquidated. So if the breach were merely a failure to account for a small sum of money, the damages would be the actual money that was not accounted for. It might be a trifling sum, yet, under the terms of this contract, if it is to be held that the word "liquidated" damages shall apply, the judgment might be for many times more than the amount in arrears. Taking all these things into consideration, it is our opinion the contract must be construed not as a contract for liquidated damages, but for penalty.

In the case of Proctor v. Hansel, 205 Iowa 542, 543, 218 N. W. 255, 256, 58 A. L. R. 153, this court held, in a contract between two osteopathic physicians, that where the parties entered into a written agreement by which the appellee was to furnish suitable quarters and equipment for the practice of their profession, and the appellant was to pay to the appellee

30 per cent of all fees derived from their profession under the agreement, that the granting of injunctive relief was proper. And it is provided that the contract should continue in force for a period of one year from and after January 1, 1926, and it contained the following provision:

"It is further agreed by and between the parties hereto, and as part consideration for this agreement, that the said party of the second part will not compete with the said party of the first part or engage in the practice of osteopathy in the city of Ames, Iowa, in opposition to the said party of the first part, for a period of three years from and after the termination of this agreement, without the written consent of the said party of the first part."

The court, upon the trial of that case, sustained the lower court in issuing an injunction prohibiting the second party from practicing in Ames, Iowa, contrary to the provisions of the contract, and in that case cited many authorities, which may be found upon an examination of this case. In that case there is an extended note in the A. L. R. report thereof, fully supporting the rule laid down. In that note is laid down the rule that generally, whether the provision is one of penalty or liquidated damages is one of law for the court, although there seems to be some authority to the contrary. A provision for the payment of a forfeiture of $200 in the event of failure to comply with the agreement, not to practice the profession of osteopathy in a city, is no bar to relief by granting an injunction. McCurry v. Gibson, 108 Ala. 451, 54 Am. St. Rep. 177, 18 So. 806.

Heinz v. Roberts, 135 Iowa 748, 750, 110 N. W. 1034, 1035, is a case where an attorney entered into a contract with plaintiff for the sale of a business of defendant, and agreed that he would not open a law office in the town of Ackley, or in that vicinity, for a period of ten years from and after the date of the contract. The court held, that an injunction will lie to enjoin the breach of an agreement not to re-engage in business at a certain place for a specified time, although the contract provides for liquidated damages in case of its breach, but does not indicate that the parties intended the same as an exclusive remedy. The language in the contract in that case was, "and should the said John S. Roberts in any manner violate the terms of this agreement, he shall forfeit and pay to the said John

R. Heinz the sum of $600, the same being the agreed and stipulated damages for said breach.''

The plaintiff's contention that injunctive relief has been granted in certain cases is not denied. Neither is it denied that it is not against public policy, but no case cited by appellant involves the question here. No question of sale of business or good will is involved. That may be true of all cases cited, and yet this is answered by Proctor v. Hansel, supra, in which it was held that an injunction lies against breach by a young osteopath physician, a stranger in the city of his contract, when he entered the office of an old established practitioner and agreed not to compete with him for three years after the termination of the agreement. We think this is conclusive on this branch of the case.

It is true that the case of Proctor v. Hansel does not involve the question of liquidated damages, but we cannot see what effect that has on this case, considering what we have said before. As to the understanding defendant had of the contract, we think the holding in the Proctor case is conclusive. In that case the court held that an osteopath being able to read, and who had ample opportunity to read before signing a contract for association with another of his profession, and it does not appear that any false or fraudulent statements were made in regard to the contents of the contract, he is bound by the provisions of said instrument not to compete with the other upon the expiration of the contract.

There is no question but what the defendant in this case read the contract, and discussed its terms, and now he wants to say that he did not understand its terms, that he got a wrong impression, and is, we think, against the doctrine laid down in the Proctor case.

■■■ Another proposition discussed by the defendant is that the dissolution of the temporary injunction was controlling, and all the judge could do on final hearing was to tax the costs. We do not think this is the rule. There might be many reasons why a temporary injunction should be dissolved, and a permanent injunction issued. True, the case was at issue, to a certain extent, when the temporary injunction was dissolved. Subsequently and prior to the trial plaintiff filed an answer or reply to the defendant's claims. In passing upon this Judge Bechly said in his opinion: ''The general rule is that the disso-

lution of a temporary injunction does not adjudicate the rights of the parties to a decree in a hearing on the matter of permanent injunctions; that the presumption is that the dissolution of a temporary writ is not an adjudication. In this case at the time of the trial on the temporary injunction, the defendant had answered fully under oath; also there were issues tendered in the motion to dissolve the temporary injunction, which are not in issue at this time. The Court finds that there is nothing in the evidence in this case to take it out of the general rule:", and entered decree enjoining the defendant from practicing medicine and surgery in Newton, Iowa, for a period of five years from the date of the contract, and ordering judgment entered against defendant for costs.

We think that Judge Bechly laid down the proper ruling in so holding as to the effect of the dissolution of the temporary injunction.

In Massie v. Mann, 17 Iowa 131, Judge Wright said:

"For, though the injunction for this reason (plaintiff failing to rectify the defect within a reasonable time) might have been dissolved, it would not necessarily follow that the suit should be dismissed. An order dissolving the injunction, would not, of course, operate to dismiss the suit."

It was also held in Russell v. Wilson, 37 Iowa 377, by Judge Cole, that where the answer fully and directly denies the essential facts alleged in the bill on which an injunction is granted, the injunction may be dissolved thereon. But in such case it is error to dismiss the petition as, if sustained by evidence, the complainant would be entitled to an injunction on final decree. The court said:

"Inasmuch as the plaintiff by his petition made a case for injunction, and if sustained by evidence, would be entitled on final decree to the injunction asked, it was error to dismiss his petition. * * * The answer made an issue and the plaintiff had the right to have that issue fairly tried in the manner provided by law. For the error in dismissing the action the judgment is reversed."

This being the rule, we think Judge Bechly was right in his holding that the dissolution of the temporary injunction did not warrant the dismissal of the case.

We think we have gone over all the material questions raised in this case. We have here a case where a man with an established practice in his profession takes another member of the same profession, into his employ, under a written agreement such as was made in this case; that at the end of the year for which he was employed, second party seeks to take advantage of his employer having introduced him to his employer's business, his patients, trusted him with all facts and references to the cases, and then when the new contract is talked over he makes impossible conditions, or what look impossible to his employer; he takes advantage of all this knowledge he has gained through his association with Dr. McMurray, for which he has been fully paid, and violates the terms of his contract, and asks to be allowed to violate it with impunity.

So while we find no fault with Judge Patterson in the state of the record at the time of the hearing on the temporary injunction, in dissolving the temporary injunction, we also hold that Judge Bechly was correct, when the case was tried fully on its merits, in allowing the permanent injunction as he did, and holding the contract was valid, and for these and the other reasons pointed out here, this case is hereby affirmed.—Affirmed.

HAMILTON, C. J., and STIGER, DONEGAN, SAGER, and KINTZINGER, JJ., concur.