CITY OF IOWA CITY, a municipal corporation, appellant, v. MUSCATINE DEVELOPMENT COMPANY, a corporation, appellee.

No. 52049.

(Reported in 141 N.W.2d 585)

1026

April 5, 1966.

Jay H. Honohan, City Attorney, of Iowa City, for appellant.

Nolan, Lucas & Nolan, Roger H. Ivie and William J. De-Cindio, all of Iowa City, for appellee.

GARFIELD, C. J.—This is a suit in equity by the City of Iowa City to enjoin construction of multiple family dwellings by defendant Muscatine Development Company in alleged violation of the city's zoning ordinance (Ordinance 2238). Following a hearing on plaintiff's prayer for a temporary injunction when the case was not at issue and trial of the main case had been set for a later date, the trial court dismissed the action at plaintiff's costs. Plaintiff has appealed. Plaintiff is entitled under this record to a reversal of the decree.

I. Defendant owns two adjoining tracts of land in or near the southwest part of Iowa City. Plaintiff contends and defendant denies they have been legally annexed to the city and are subject to its zoning regulations. The north tract is 186 feet east and west by 938 feet north and south, the south tract is 287.7 feet east and west by 1060 feet north and south. The east line of the two tracts is a straight line 1998 feet long. Defendant proposes to erect 18 buildings on its land, each containing four family units (72 in all). Plaintiff seeks to enjoin the construction.

Article IV, Section 3 of Ordinance 2238 provides that all land annexed to Iowa City shall be zoned R1A until the zoning may be changed by the properly constituted authorities of the city. Section 1 prohibits erection of multiple family dwellings in an R1A residence zone.

Plaintiff's petition was filed July 9, 1965. The same day the trial court ordered a hearing for July 12 on plaintiff's prayer for temporary injunction. At this hearing it was stipulated: Ordinance 2238 was legally enacted and received in evidence; it contains the provisions just referred to; on October 28, 1964, defendant petitioned the city for voluntary annexation of its property; on July 6, 1965, plaintiff's city council passed a resolution annexing the property; defendant is now constructing multiple dwellings on the property; a mandamus action brought by this defendant came on for trial on December 17, 1964, in the same court, to compel the Johnson County zoning body to act on a building permit application by this defendant; after a day's trial of that action the county zoning body conceded it should act on the application and on January 26, 1965, it granted the application of defendant (in the present cause) to build multiple dwellings on its land. (Iowa City is situated in Johnson County.)

After the stipulation was made and the few exhibits therein referred to were offered, plaintiff rested. The court then stated, "As you lawyers know, hearings on temporary injunction are not like trying the permanent, the evidence is brief, but does defendant desire to offer evidence on what has been done?"

Thereupon defendant's president testified to figures pre-

pared by its bookkeeper showing that since it obtained the building permit from the county it had spent about $99,619.16, had accounts payable of $46,189.02 for supplies and subcontractors, had obligated itself on contracts for $1,094,000 besides title insurance and disbursement fees, an extreme amount of grading was done, sewers and two foundations were installed, and the expenditures were made relying on the building permit from the county.

On cross-examination by the city, defendant's president said he told its engineers at the outset the plans and specifications for the project must comply with the city building and fire codes; the plans and specifications were prepared before "we were annexed to the city"; his opinion is they substantially complied with the city's building code and fire ordinance as of July 6, 1965 (date of the city's resolution to annex the property); and that defendant never received a building permit from the city.

The trial court brought out by questions to the city attorney that the city voted, and filed an action, to annex certain territory which included defendant's land but no court decree of annexation had been entered either in the action commenced for that purpose or on the city's acceptance of defendant's application for voluntary annexation to the city.

Defendant also called the mayor and city manager of Iowa City as witnesses. The mayor testified no council meeting was held before this action was filed; he was informed by the city manager of the action to be taken and the witness told only one other council member, Mr. Hubbard; the witness did not consider the property a nuisance but it does not conform with our concept of good zoning; defendant's property is not now adjacent to a residential area in the city; in defendant's previous annexation proposal it applied for multiple dwelling, R3A, zoning; on this application Planning and Zoning recommended against allowing such zoning.

The city manager testified he felt defendant renewed its petition for annexation in order to get sewer; he did not consider the property a nuisance; he and the city attorney decided to start this action without previously consulting members of the

council; the mayor and councilman Hubbard were both informed the action was to be filed before it was done.

At the conclusion of the testimony of defendant's three witnesses "plaintiff asked to put a witness on the stand, to which the court requested plaintiff to hurry because they were taking too long for a temporary injunction." This notwithstanding the only time plaintiff had taken was to join with defendant's attorneys in the brief stipulation above summarized, to answer questions the court put to the city attorney and to cross-examine two of defendant's three witnesses for a total of 45 lines in the printed record.

Plaintiff thereupon called the city planning inspector who testified he examined defendant's plans and specifications on July 8 and they did not comply with the fire protection required by the city; a representative of defendant's engineer later showed the witness where some of the problems had been taken care of, said they would make the other necessary corrections and were proceeding to do so at the time of the hearing.

At the conclusion of the hearing the trial court gave counsel ten days to try to "dig up" the law and seven days to defendant "to file a pleading." He also stated that until there was a court decree the annexation of defendant's property was not final; defendant could proceed at once to erect the two buildings for which basements were built but he did not know whether he would restrain the building of the others. The court then announced, "I am saying to counsel, regardless of what I do on the temporary, the hearing on the permanent injunction is set for 9:30, September 21," and finally, "These ordinances are made for the benefit of everybody and they should and will be respected."

Seven days later defendant filed its motion to dismiss plaintiff's petition, as to both the temporary and permanent injunction, on the grounds: 1) By annexing the property plaintiff waived and is estopped to assert any right to equitable relief; 2) the action was not instituted by the city council as required by Code section 414.20; 3) plaintiff is trying to entrap defendant and seeks equity with unclean hands; 4) article IV, section 3 of Ordinance 2238 is arbitrary, capricious and unlawful as

applied to defendant's real estate; 5) by the expenditures defendant testified to it acquired a vested right to complete construction; and 6) there is no balance of equities to preserve by injunction since the mayor and city manager both testified the multiple dwellings would not be a nuisance.

Four days later plaintiff filed resistance to the above motion denying the allegations thereof, denying the facts testified to by defendant's president and the legal conclusion stated in ground 5 of its motion, alleging the zoning ordinance authorized the proper city authorities to institute injunction actions and the city attorney, manager and mayor are proper authorities; and that ground 3 of the motion to dismiss is based on facts not in the record.

Three days still later the trial court filed Findings, Orders and Decree stating at the outset that the action seeks a temporary injunction against the erection of multiple dwellings and other general equitable relief, and with no specific prayer for permanent injunction, evidence was heard July 12, "the case was submitted and is determined as follows."

The court then proceeded to hold defendant's property was not officially annexed to the city; defendant proceeded in good faith to erect and contract for the erection of its buildings at costs testified to by its president in reliance on the county building permit and thus acquired a vested right which should not be ignored; the matters now decided are adequate for determination of the cause; "Code section 414.20 has clear, unmistakable and mandatory language that only the city council may legally authorize the bringing of such an action and this one must fail for noncompliance with the statute"; the evidence clearly shows no nuisance is involved; by passing the resolution of July 6 accepting defendant's property as part of the city it accepted it subject to the zoning right from the county and is estopped and has waived its right to object to the taking of defendant's property; the equities of the case are with defendant; "for the reasons above indicated plaintiff's petition is dismissed. There being no specific prayer for permanent injunction, the court holds no permanent injunction is involved and any assignment for September 21 is herewith set aside." Costs were taxed to plaintiff.

Plaintiff promptly filed motion for new trial asserting error in each of the trial court's Findings, Orders and its Decree. A month and ten days later defendant filed its resistance to the motion and the court overruled it that day.

II. We consider first plaintiff's claim of error in the holding it did not request a permanent injunction and was not entitled to a hearing thereon. This claim must be sustained.

■ We note defendant did not attack the petition upon the above ground and makes no serious attempt now to uphold dismissal of the action thereon. In this respect the petition is therefore to be construed in the light most favorable to plaintiff, with doubts resolved in its favor. The pleader will be accorded the advantage of every reasonable intendment, even to implications, regardless of technical objections or informalities. Ruud v. Grimm, 252 Iowa 1266, 1270, 110 N.W.2d 321, 323, and citations; Anthes v. Anthes, 255 Iowa 497, 503, 122 N.W.2d 255, 258, and citations. This is the effect of rule 67, Rules of Civil Procedure. A contrary rule prevails where a doubtful pleading is attacked before issue is joined or in the answer. Ruud and Anthes cases; Reed v. Harvey, 253 Iowa 10, 13, 110 N.W.2d 442, 443, 444.

■ Even without resort to the above rule, it was error to dismiss the petition upon the ground it does not ask a permanent injunction. It alleges injunction is the only adequate remedy for abatement of defendant's violation of the zoning ordinance and its enforcement. The prayer asks in separate paragraphs that defendant be enjoined from constructing multiple dwellings on the described land, it be ordered to remove any structures erected thereon for the purpose of multiple dwellings, the cause be set for final hearing at an early date, pending final determination of the action the court grant a temporary injunction against erection of multiple dwellings on the described land and for such other and further orders and decrees as may be just and equitable.

It is true the prayer does not use the words "permanent injunction." Nor is it limited to a temporary injunction. After asking an injunction the prayer also asks a mandatory order to remove any structures erected for the purpose of multiple dwell-

1032

ings, asks an early final hearing and, pending final determination, a temporary injunction. These requests indicate that more than a temporary injunction was sought.

The granting of affirmative relief such as a mandatory order for removal of structures is beyond the fair function of a temporary injunction, except perhaps in rare and extreme cases. Snodgrass v. McDaniel, 144 Iowa 674, 123 N.W. 336; Minneapolis & St. L. R. Co. v. Chicago, M. & St. P. R. Co., 116 Iowa 681, 686, 88 N.W. 1082; 43 C. J. S., Injunctions, section 5b, pages 412, 413. See also Kent Products, Inc. v. Hoegh, 245 Iowa 205, 214, 61 N.W.2d 711, 716, and citations.

Further, a prayer for general equitable relief such as we have here is to be construed liberally and will often justify granting relief in addition to that in the specific prayer provided it fairly conforms to the case made by the petition and the evidence and does not surprise the opposing party. Of course he must have an opportunity to defend against it. Kellerhals v. Kallenberger, 251 Iowa 974, 977, 103 N.W.2d 691, 693, and citations; Chadek v. Alberhasky, 253 Iowa 32, 36, 111 N.W.2d 297, 299; Alcorn v. Linke, 257 Iowa 630, 638, 133 N.W.2d 89, 94.

Still further, until the trial court's findings and decree were filed, he and defendant, as in its motion to dismiss, supra, both proceeded as if plaintiff asked a permanent injunction as well as a temporary one pending final determination of the action. Before testimony was offered at the hearing on July 12 the court clearly limited it to plaintiff's prayer for temporary injunction, later confirmed this, and, as stated, still later announced that the hearing on the permanent injunction had been set for September 21. Then to hold, in effect, plaintiff had already tried its case or that no trial was necessary even though the case was not at issue is a departure from established procedure which we cannot approve.

Defendant's motion to dismiss filed seven days after the hearing on July 12 was not "a pleading" which the court gave defendant time to file. Rules 68, 69 and 109, Rules of Civil Procedure. Nor is such a motion a proper vehicle for submission of affirmative defenses which form the entire basis for defendant's motion. Harrison v. Allied Mutual Casualty Co., 253 Iowa 728, 731, 113 N.W.2d 701, 702, 703.

■ ■ The general rule is that denial of a temporary injunction, or its dissolution if granted, does not deprive plaintiff of the right to a trial on the merits of his petition seeking a permanent injunction, nor is it an adjudication against such right. Even though temporary relief is properly denied, a permanent injunction may be granted where trial on the merits justifies such a decree. McMurray v. Faust, 224 Iowa 50, 61–63, 276 N.W. 95, and citations; State and Port Authority of St. Paul v. Northern Pac. Ry. Co., 221 Minn. 400, 22 N.W.2d 569, 575; 43 C. J. S., Injunctions, section 198b(f), (pages 912, 913), and sections 213, 255; 28 Am. Jur., Injunctions (1959 rev. vol.), section 278, page 790.

■ In view of the discretion a court has to grant or withhold a temporary injunction and our reluctance to reverse the refusal thereof, we do not find error in denying a temporary injunction here. However, as stated, dismissal of the action under this record cannot be upheld. Somewhat in point are cases which reverse the granting of relief which a litigant and his counsel had no reason to believe was being litigated. Davis v. Davis, 209 Iowa 1186, 229 N.W. 855; Paintin v. Paintin, 241 Iowa 411, 413, 414, 41 N.W.2d 27, 28, 29, 16 A. L. R.2d 659; Skemp v. Olansky, 249 Iowa 1, 5, 6, 85 N.W.2d 580, 583; Welch v. Welch, 256 Iowa 1020, 1023, 1024, 129 N.W.2d 642, 643, 644; and citations in these opinions.

As in Skemp v. Olansky it may be said here the decree "burst upon the litigants as a judicial bomb unheralded and unexpected."

III. Since the case must be remanded for trial upon the merits we refrain from expressing an opinion thereon except as to two law questions decided by the trial court which are fully argued and upon which the litigants and counsel are entitled to our views. At least this may facilitate disposition of the controversy.

As stated, the court held section 414.20, Code, 1962, has clear, unmistakable and mandatory language that only the city council may legally authorize the bringing of such an action and this one must fail for noncompliance with the statute. So far as it need be quoted, this statute provides: "In case any building

or structure is erected * * * in violation of this chapter or of any ordinance or other regulation made under authority conferred thereby, the council, in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection * * * or abate such violation, * * *."

Defendant and the trial court evidently construe this provision to be exclusive and to require specific authority from the council for the institution of each such action as this. We cannot concur in this view. In construing section 414.20 other statutes should also be considered. Section 414.4, in the same chapter, states: "The council of such city or town shall provide for the manner in which such regulations and restrictions * * * shall be determined, established, and enforced, * * *."

Ordinance 2238 contains this provision: "In case any build-ing or structure is erected, * * * in violation of this ordinance, the appropriate authorities of the City of Iowa City, in addition to other remedies, may institute injunction, mandamus or other appropriate action or proceeding to prevent such unlawful erection, * * * or to correct or abate such violation, or to prevent the occupancy of said building, structure or land." It was stipulated the ordinance was duly and legally enacted pursuant to the city's statutory authority. Enactment of this ordinance provision seems to be authorized by section 414.4, supra. Defendant thinks the term "the appropriate authorities of the City" is synonymous with "the council" found in 414.20. This would render both the authorization for enforcement in section 414.4 and the ordinance provision therefor superfluous. Further, if the term "appropriate authorities of the City" means only "the council" it would seem the latter, shorter term would more probably have been used.

Code section 363C.7 contains this provision: "The duties of the [city] manager shall be as follows: 1. He shall see that the laws and ordinances of the municipal corporation are faithfully enforced and executed." This provision is mandatory in terms while section 414.20, supra, which uses the word "may" and recognizes the existence of other remedies, is not. Schmidt v. Uhlenhopp, 258 Iowa 771, 776, 140 N.W.2d 118, 121.

We think section 1 of chapter 235, Laws of the Sixtieth Gen-

eral Assembly, has an important bearing on the construction to be given section 414.20 on which defendant relies. It amends section 368.2, containing the general grant of powers to cities and towns, by adding thereto at the end:

"It is hereby declared to be the policy of the state of Iowa that the provisions of the Code relating to the powers * * * of cities and towns are·intended to confer broad powers of self-determination as to strictly local and internal affairs upon such municipal corporations and should be liberally construed in favor of such corporations. The rule that cities and towns have only those powers expressly conferred by statute has no application to this Code. Its provisions shall be construed to confer upon such corporations broad and implied power over all local and internal affairs which may exist within constitutional limits. No section of the Code which grants a specific power to cities and towns * * * shall be construed as narrowing or restricting the general grant of powers hereinabove conferred unless such restriction is expressly set forth in such statute or unless the terms of such statute are so comprehensive as to have entirely occupied the field of its subject. However, statutes which provide a manner or procedure for carrying out their provisions or exercising a given power shall be interpreted as providing the exclusive manner of procedure and shall be given substantial compliance, but legislative failure to provide an express manner or procedure for exercising a conferred power shall not prevent its exercise. Notwithstanding any of the provisions of this section, cities and towns shall not have power to levy any tax, assessment, excise, fee, charge or other exaction except as expressly authorized by statute."

Richardson v. City of Jefferson, 257 Iowa 709, 714, 715, 134 N.W.2d 528, 532, considers the meaning of the quoted statute and each sentence thereof. The decision holds it is valid as a rule of statutory construction and that the first three sentences of the chapter state the Dillon Rule of strict construction of powers delegated to cities and towns has no application to statutes pertaining to local and internal affairs. Of the fourth sentence of chapter 235, commencing "No section of the Code which grants a specific power to cities and towns," the opinion holds it

directs "a change in the rule of construction, expressio unius est exclusio alterius, the express mention of one thing implies the exclusion of others."

The Richardson opinion goes on to point out that the legislature may properly declare the construction of statutes previously enacted as to transactions occurring after passage of the new law. Chapter 235 was enacted before the transactions in controversy here occurred.

We think the trial court's holding that section 414.20, supra, provides the exclusive method of authorizing commencement of each action such as this may not be reached without application of the "expressio unius" rule which chapter 235 renders inapplicable here.

The cases defendant cites for the rule of strict construction of powers delegated by the state to municipalities all antedate enactment of chapter 235. We note too that even under our prior decisions the rule of strict construction applied only in determining whether a power was granted, not to the mode of exercising powers which were granted where the mode was not prescribed by the legislature but was left to the discretion of the municipal authorities. Unless restrained by statute a municipality might in its discretion determine for itself the method of exercising powers conferred upon it. Keokuk Waterworks Co. v. City of Keokuk, 224 Iowa 718, 730–732, 277 N.W. 291, and citations; City of Des Moines v. Reiter, 251 Iowa 1206, 1212, 102 N.W.2d 363, 367. See also what is said concerning the fifth sentence of chapter 235 in Richardson v. City of Jefferson, supra, 257 Iowa 709, 715, 134 N.W.2d 528, 532.

We think the city manager was not without authority to institute this action.

IV. Although perhaps not entirely clear, the trial court's decision is open to the construction that defendant's land could not legally be annexed to the city by defendant's voluntary written application therefor and resolution of the council assenting thereto, under Code section 362.30, without a decree of court in annexation proceedings such as provided for by section 362.26. We are cited to no statute and find none which sustains this view. Section 362.30 provides that upon the own-

ers' making such written application to the city council and its assent thereto by resolution "such territory shall thereafter be and become a part of such city or town." See also section 362.34.

City of Cedar Rapids v. Cox, 252 Iowa 948, 961, 962, 108 N.W.2d 253, 261, indicates no decree of annexation is necessary to effect so-called voluntary annexation under 362.30.

V. We express no opinion upon other questions in the case, such as the claimed good faith acquisition by defendant of vested rights which should be protected. They can best be determined when the case is at issue and trial on the merits is had.

The dismissal of plaintiff's petition is reversed and the cause is remanded for proceedings consistent with this opinion.—Reversed and remanded.

All JUSTICES concur.