BOARD OF EDUCATION OF KIMBALLTON INDEPENDENT SCHOOL DISTRICT et al., appellees, v. BOARD OF EDUCATION OF AUDUBON COUNTY et al., appellants, MERLE HARTVIGSEN et al., intervenors-appellees.

No. 52302.

(Reported in 151 N.W.2d 465)

June 6, 1967.

Larson & Larson, of Harlan, and Alan Loth, of Fort Dodge, for appellants.

Fred Louis, of Harlan, for plaintiffs-appellees.

Dale D. Levis, of Audubon, for intervenors-appellees.

LARSON, J.—This is a sequel to the case of Burd v. Board of Education of Audubon County, 260 Iowa 846, 151 N.W.2d 457,

and involves reorganization proceedings to include the Kimballton Independent District within a proposed Elk Horn-Kimballton Community District. The plaintiff is the Board of Education of the Kimballton Independent School District. Its petition, filed March 15, 1966, alleged a lack of defendant jurisdiction in the matter and asked a temporary and permanent injunction against the proceedings. Defendants answered on the merits and reply was filed, but there was no trial had on those issues. Defendants, however, did move to dissolve the ex parte temporary injunction. At that hearing the trial court overruled the motion and in the same order made the injunction permanent. Defendants appeal:

Defendants' propositions relied on for reversal are (1) that the hearing on the temporary injunction permits no judgment against them on the merits, no trial was had, and no evidence was offered of the fact which induced the judgment; (2) that there was no final order in the certiorari case, and a judgment based on a mere dismissal order cannot stand; (3) that this equity matter must be disposed of here de novo and, there being no evidence to sustain the judgment for plaintiffs, the petition should be dismissed; (4) that under the record here the temporary injunction should be dissolved pending a final hearing on the merits.

I. In its ruling on the defendants' motion to dissolve the temporary injunction the court stated: "The Plaintiff (Kimballton Board) in this case intervened in the certiorari proceeding in Audubon County (Burd case) moving to dismiss the petition for a writ of certiorari, which motion has now been sustained." It concluded, "that the Plaintiffs herein are proper parties to this suit, are entitled to the relief demanded; and that the reorganization proceeding of Defendants is without jurisdiction and illegal," and found "that the injunction temporarily enjoining the defendants and each of them from holding any further proceedings in respect to the proposed reorganization * * * incorporating the Independent School District of Kimballton, Iowa, into the Elk Horn-Kimballton Community School District of Shelby, Audubon and Cass Counties, State of Iowa, should be and it is hereby made permanent * * *."

Prior to this order the Audubon County District Court had dismissed the certiorari suit and, after we considered the propriety of that action in Burd v. The Board, supra, we reversed and remanded that case for further proceedings, primarily to determine whether these defendants did obtain jurisdiction to complete their proposed reorganization. Of course that issue has not as yet been resolved. Apparently the trial court considered the initial dismissal in the Burd case was a final adjudication of the involved jurisdictional issue. Appellants contend this was improper for the reasons that there was no plea of former adjudication and that plaintiffs' obligation to plead and prove such an affirmative allegation was not met. In re Estate of Kaldenberg, 256 Iowa 388, 127 N.W.2d 649. That to make the certiorari order available, it should have been offered in evidence, and to have done so here would have revealed its interlocutory nature. In re Estate of Handy, 256 Iowa 61, 126 N.W.2d 332; Winneshiek Mutual Ins. Assn. v. Roach, 257 Iowa 354, 132 N.W. 2d 436; rule 86, Rules of Civil Procedure. While there may be merit in this first contention, until a trial is had on the permanent injunction issue, amendments might be made to rectify the pleading deficiency. if any.

Two principal questions are presented in this appeal: (1) whether the trial court was correct in overruling the defendants' motion to dissolve the temporary injunction; and (2) whether the trial court erred in making the injunction permanent as a result of that hearing.

II. Plaintiffs' petition fairly sets out the proceedings and contentions of the parties asking merger and those asking reorganization of the Kimballton District, as well as a reference to the controversy then before the court in Burd v. The Board, supra. It is apparent that if those parties asking merger prevail in that litigation, the defendants' efforts to complete their attempted reorganization would be for naught. It was plaintiffs' position that to allow either the parties seeking merger or the defendants seeking reorganization to proceed would be premature, that it would cause confusion, trouble and expense to plaintiffs and the parents and children in the Kimballton District, and that it would be unfair to disturb them until the issue

844

as to where they must go to school after July is finally decided. Apparently that was the trial court's view when it issued the temporary injunction and when it later refused to dissolve it. Under the "Balance of Convenience Rule", we find no compelling reason to disagree with that decision.

The court must look to the situation of both parties, defendants as well as plaintiffs, and will exercise its power to issue or dissolve a temporary injunction with a view to the relative amount of injury to be suffered by the parties respectively. 28 Am. Jur., Injunctions, section 322, page 494; Ontjes v. Bagley, 217 Iowa 1200, 250 N. W.17. To decide here that plaintiffs would suffer the greater injury by dissolving the temporary injunction does not seem to be an unreasonable conclusion.

III. It is the general rule that the granting of a temporary injunction, or a denial of a motion to dissolve, is largely discretionary with the trial court. Iowa City v. Muscatine Development Co., 258 Iowa 1024, 141 N.W.2d 585, 591. We are reluctant to disturb such a decision on appeal. We find ample basis for the temporary ex parte injunction. It is often said the pleader will be accorded the advantage of every reasonable intendment, even to implications, regardless of technical objections or informalities. Rule 67, Rules of Civil Procedure; Ruud v. Grimm, 252 Iowa 1266, 1270, 110 N.W.2d 321, 323, and citations; Anthes v. Anthes, 255 Iowa 497, 503, 122 N.W.2d 255, 258; Iowa City v. Muscatine Development Co., supra. Under this rule it could be inferred that the defendants were attempting to gain an advantage by completing their reorganization while the merger group was restrained from completing their merger previously commenced.

In any event, under the circumstances revealed we are not convinced the temporary injunction to prevent defendants from completing their proposed reorganization was improvidently entered or that its dissolution was wrongfully denied.

IV. On the other hand, the permanent injunction ordered by the trial court under these circumstances cannot be upheld. It was unresponsive to the issue raised in the considered motion and was based upon a premise that had no substance. Generally speaking, the court's action in granting an application

for a temporary injunction, or in denying its dissolution on motion, does not deprive the parties of the right to a trial on the merits of their petition seeking or resisting a permanent injunction, nor is it an adjudication for or against such right. Iowa City v. Muscatine Development Co., supra, and citations; McMurray v. Faust, 224 Iowa 50, 61–63, 276 N.W. 95, and citations. Only the dissolution of the temporary injunction was asked in this motion, and relief was restricted to that issue. As being somewhat in point, see Davis v. Davis, 209 Iowa 1186, 229 N.W. 855; Paintin v. Paintin, 241 Iowa 411, 413, 414, 41 N.W.2d 27, 28, 29, 16 A.L. R.2d 659; Skemp v. Olansky, 249 Iowa 1, 5, 6, 85 N.W.2d 580, 583; Welch v. Welch, 256 Iowa 1020, 1023, 1024, 129 N.W.2d 642, 643, 644.

In McMurray v. Faust, supra, at page 61 of 224 Iowa, we said: "There might be many reasons why a temporary injunction should be dissolved, and a permanent injunction issued." There, as here, the case was at issue when the motion to dissolve the temporary injunction was made, but here also there seem to be good reasons why the temporary injunction should be maintained and the permanent injunction denied.

As we have pointed out, the obvious basis of the trial court's grant of a permanent injunction was the court's erroneous belief that the issue as to whether defendants had obtained jurisdiction had been finally decided adverse to them. In any event, trial court action on a motion to dissolve a temporary injunction does not adjudicate the rights of the parties to a decree. Only after a full and proper hearing on the issues raised in the petition for a permanent injunction is that result obtainable. Defendants are entitled to a full hearing on the petition asking for a permanent injunction. They are entitled to present evidence in support of their answer, and this they have had no opportunity to do.

V. Although appellants call attention to the fact that our review in this equity matter is de novo, and urge us to end this case by denying the permanent injunction, we have no more evidence as to the merits than the trial court had when it rendered judgment therein. We cannot compound that error. This issue must be remanded for a trial on its merits. No doubt we can take note of our decision in Burd v. The Board, supra, but,

if so, we know the issue as to whether defendants have jurisdiction of this reorganization is still to be decided. Only after a full and complete trial on the involved jurisdictional issue before a court of competent jurisdiction can this occur. Since it appears no such trial has been had, the resultant permanent injunction granted plaintiffs cannot stand.

It is, therefore, our considered judgment that the temporary injunction be retained, that the permanent injunction rendered herein be set aside, and the cause remanded for a trial on the merits. Costs are to be divided equally.—Affirmed in part, reversed in part and remanded.

All JUSTICES concur.