STATE of Iowa, ex rel., IOWA DEPART-MENT OF ENVIRONMENTAL QUALITY, Appellant,

v.

Oliver M. GREENLEY, Wilbur E. Oakley, Dennis Rowold and G–O Pork, Appellees.

No. 68718.

Supreme Court of Iowa.

July 20, 1983.

Thomas J. Miller, Atty. Gen., and Elizabeth M. Osenbaugh and Allan Kniep, Asst. Attys. Gen., for appellant.

David M. Remley of Remley, Heiserman & Willems, Anamosa, for appellees.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON and WOLLE, JJ.

McGIVERIN, Justice.

The determinative question here is whether the district court was correct in dismissing this case with prejudice. We conclude it was not, and, therefore, reverse.

The basis of this litigation is an attempt by plaintiff Iowa Department of Environmental Quality (DEQ) to obtain injunctive relief and damages for defendants' alleged violations of water pollution standards at a hog confinement facility now operated by them. Iowa Code § 455B.48 (1981). These violations were twice referred by the DEQ to the attorney general, Iowa Code § 455B.34(3), and on September 21, 1981, this litigation was initiated.

After an evidentiary hearing, the district court (Judge Conmey) granted a temporary injunction prohibiting defendants from disposing of the confinement facility's wastes by means of irrigation. Upon motion of the defendants, the temporary injunction was subsequently dissolved.

Plaintiff then filed a motion seeking dismissal without prejudice under Iowa R.Civ.P. 215. Plaintiff contended that it could dismiss the petition without prejudice because "trial" had not yet begun for the purposes of rule 215. Plaintiff also asked that the court grant leave or consent for plaintiff to dismiss the petition without prejudice pursuant to rule 215. The district court (Judge Horan) ruled that trial had begun and proceeded to dismiss the action with prejudice. Plaintiff appeals.

The correctness of this dismissal ruling requires us to focus on two issues: (1) Whether for purposes of rule 215 trial had begun with the hearing on the temporary injunction; and (2) whether the district court properly dismissed the action with prejudice. We answer both in the negative; therefore, the ruling of the district court is reversed.

I. *Whether trial had begun.* Rule 215 provides that "[a] party may ... dismiss his own petition ... at any time *before the trial has begun....* Thereafter a party may dismiss his action or his claim therein only by consent of the court which may impose such terms and conditions as it deems proper.... A dismissal under this rule shall be without prejudice, unless otherwise stated...." (Emphasis added.) Therefore, if "trial" had not begun in this case, the plaintiff had a right to dismiss without prejudice.

For the purposes of rule 215, we follow the definition of "trial" as found in Iowa R.Civ.P. 176: "A trial is a judicial examination of issues in an action, whether of law or fact...." In *Orr v. Iowa Public Service Co.,* 277 N.W.2d 899 (Iowa 1979), we considered rule 176 as it applied to a motion for a new trial made on a summary judgment. There we defined "trial" as follows:

A trial is one kind of judicial examination of issues in an action, but it is not the only kind. Motions under Iowa

R.Civ.P. 104(b) [failure to state a claim], 105 [adjudication of law points], and 222 [judgment on pleadings], like motions for summary judgment, may result in rulings disposing of a case without trial. Proceedings on these motions are not trials under rule 176 but are preliminary and alternative methods to obtain judicial determination of actions. A trial within the meaning of rule 176 is a hearing on the merits of the controversy after the opportunity for such preliminary proceedings has passed.

*Id.* at 901.

We believe that the hearing and granting of a preliminary injunction should be included in any list of proceedings preliminary to trial. *See City of Iowa City v. Muscatine Development Co.,* 258 Iowa 1024, 1033, 141 N.W.2d 585, 591 (1966) (dissolution of temporary injunction "does not deprive plaintiff of right to a *trial* on the merits of his petition. . . .") (emphasis added). The temporary injunction hearing is not a final judicial determination of the merits of an action. Rather, it is a preliminary determination "which is designed to preserve the existing status of the litigants until a determination can be made on merits of the controversy." *Black's Law Dictionary* 1062 (rev. 5th ed. 1979).

Since trial had not begun, the DEQ had an absolute right to dismiss this action without prejudice under rule 215. We reverse the district court's decision that trial had begun and its overruling of the DEQ's motion for leave to dismiss without prejudice.

II. *Dismissal with prejudice.* The district court did not limit its ruling to the overruling of the DEQ's motion; it went one step further and dismissed the case with prejudice. We conclude that the court erred in so ruling.

Even if, contrary to our holding in division I, trial had begun, the district court went beyond the relief requested in plaintiff's motion in dismissing this action with prejudice. In so doing, the district court erred. *Cf., In the Matter of the Estate of Campbell,* 253 N.W.2d 906, 907 (Iowa 1977)

(summary judgment cannot be granted to one who has not requested it); *Board of Education of Kimballton Independent School District v. Board of Education of Audubon County,* 260 Iowa 840, 845, 151 N.W.2d 465, 468 (1967) (permanent injunction ordered in same ruling which dissolved temporary injunction must be set aside because motion only asked that temporary injunction be dissolved and no trial was had on the merits of a permanent injunction).

In sum, we have considered all of the contentions raised by the parties concerning Judge Horan's ruling. We hold that trial had not begun; plaintiff had an absolute right to dismiss without prejudice under rule 215. Consequently, this case is reversed and remanded with directions that plaintiff be permitted to enter its dismissal without prejudice of this action. In view of this result, it is unnecessary to consider other issues raised by the parties.

REVERSED AND REMANDED WITH DIRECTIONS.