REX L. BURD et al., appellants, v. BOARD OF EDUCATION OF AUDUBON COUNTY et al., appellees.

No. 52423.

(Reported in 151 N.W.2d 457)

848

JUNE 6, 1967.

Larson & Larson, of Harlan, and Alan Loth, of Fort Dodge, for appellants.

Dale D. Levis, of Audubon, and Fred Louis, Jr., of Harlan, for appellees.

LARSON, J.—This is another school controversy involving an attempt by one group of voters in the Independent School District of Kimballton, Iowa, to secure a merger with the Audubon Community District of Audubon County, under section 275.40, and another group seeking a reorganization with the Elk Horn-Kimballton Community District of Shelby County under section 275.12 of the Code. The small Independent School District of Kimballton has no high school, and in the fall of 1965 the voters were under mandate by the Sixty-first General Assembly to select an available high school district to join or, by default, permit a designation by the Audubon County Board. We shall refer to these groups as the mergers and the reorganizers.

When the mergers failed to take any steps to perfect their merger action commenced September 23, 1965, from September 27, 1965, to February 3, 1966, the reorganizers filed their reorganization petition with the County Superintendent of Shelby County. On February 10, 1966, the Audubon superintendent took the next and fourth step toward merger by publishing notice of time and place for filing objections, and the reorganizers, the plaintiffs herein, then brought certiorari to annul this notice and dismiss further merger proceedings with Audubon. Pursuant to a hearing by the trial court to determine "whether or not to issue said writ" (rule 311, R. C. P.), and the filing of intervenors' objections to such issuance, the trial court dis-

missed plaintiffs' petition on April 5, 1966. On April 10, 1966, plaintiffs filed an amendment to petition "to clarify the facts alleged", and on July 8, 1966, the court again dismissed the petition. Thereafter plaintiffs filed no further pleadings and under rule 86, R. C. P., this order became final. On July 19, 1966, plaintiffs appealed. We are unable to agree with the learned trial court that no cause was stated in plaintiffs' petition upon which relief could be granted, and must reverse for further proceedings therein.

In sustaining the defendants' first motion to dismiss, the trial court recognized that the hearing was confined to the sufficiency of the petition under rule 311. It said:

"The allegations of the petition show that defendant, Board of Education of Audubon School District, first commenced proceedings to merge with Kimballton Independent District under I. C. A. §275.40. Further that before these proceedings were completed proceedings were commenced to reorganize the territory of Elk Horn-Kimballton District to include the Kimballton Independent District. Plaintiff contends basically three things:

"1. That the Audubon Community School District and the Independent School District of Kimballton are not contiguous as provided by I. C. A., Sec. 275.40 and, therefore, Defendants lack jurisdiction to proceed under said Code section.

"2. That the question of whether these districts are 'contiguous' has already been submitted to and determined by the Court and that said decision is res judicata and binding on this Court.

"3. That, even though the areas are 'contiguous' the Defendants abandoned the merger proceedings and thereby lost jurisdiction.

"The Court is well aware that in considering the sufficiency of Plaintiff's petition the allegations contained therein must be considered as being true and no outside affidavits were received or parol evidence heard in connection therewith.

"However, legal conclusions, unsupported by allegation of fact, are not sufficient to entitle the Plaintiff to relief.

"This Court finds that the facts alleged in Plaintiffs' petition fail to support the legal conclusion which Plaintiffs seek to

draw from them and that Plaintiffs' petition shows affirmatively from the allegations of fact contained therein:

"1. That the two districts sought to be merged are 'contiguous'.

"2. That there is no prior decision thereon which is res judicata and binding on this court.

"3. That Defendants first obtained and still retain jurisdiction herein."

Appellants assign as error the dismissal of their original petition and the refusal to issue a writ of certiorari, and also the dismissal of their amended petition. They specifically contend the court erred by: "1. Sustaining defendants' final motion to dismiss; and holding that our amended petition raised no issue of fact as to whether their jurisdiction of the merger had terminated. 2. Sustaining defendants' first motion to dismiss; holding our original petition raised no issue that jurisdiction had terminated. 3. Sustaining defendants' motion to dismiss; and holding our petition insufficient to raise an issue of fact that Kimballton and Audubon districts were not contiguous. 4. Sustaining defendants' motion to dismiss; and holding our petition insufficient to show this fact of non-contiguity was res judicata."

I. At the outset we are faced with the issue as to whether plaintiffs' petition, both before and after their amendment, failed to state a claim on which any relief could be granted. Rule 104, Rules of Civil Procedure, provides: "Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the trial, except that: (a) * * * (b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer. (c) * * * (d) Such motions must specify wherein the pleading they attack is claimed to be insufficient."

As a basis for their claim of insufficiency, appellees maintained: "(a) The petition shows that defendants at all times had, and still retain, jurisdiction to proceed under Code §275.40 with the merger complained of. (b) The petition affirmatively shows that the two districts which seek to merge are contiguous within the meaning of Code §275.40, and that the proceeding is

not illegal. (c) The petition shows that the legal rights of the parties hereto under the merger procedure provided by Code §275.40 have never been adjudicated by this court."

Appellants maintain their original petition, in effect, alleged that defendants' attempt to revive the merger proceedings in February 1966 was illegal because their jurisdiction had ceased. The key issue is whether under this pleading plaintiffs can show the mergers had lost their jurisdiction under section 275.40 of the Code. The basis of the court's first dismissal ruling was that the petition consisted of legal conclusions not sustained by factual allegations and that statutory jurisdiction had been maintained because no statute fixed the time within which the merger must be completed.

Appellants' amendment then added facts which they claim would support a finding that defendants lost jurisdiction through a lack of reasonable diligence and the lapse of time. Appellees' second motion contended the petition on its face still showed they retained jurisdiction and pleaded only "unsupported conclusions" and "no new ultimate facts." The final ruling held the petition, as amended, stated no facts from which it could be concluded, even if true, that jurisdiction had terminated.

II. Without question defendants acquired jurisdiction of this matter in September 1965, and, unless it was lost, abandoned or otherwise legally terminated, the attempt of plaintiffs to obtain jurisdiction of the same land for its reorganization must fail. State ex rel. Harberts v. Klemme Community Sch. Dist., 247 Iowa 48, 72 N.W.2d 512. We said therein at page 51 of 247 Iowa: "It is elementary that the same land cannot be within the jurisdiction of two pending reorganization proceedings at the same time."

Plaintiffs' original petition alleges:

"7. On or before September 23, 1965, the Audubon Community District (which does have a 12-grade system and a high school) received what purported to be a petition under Code §275.40, claiming to be signed by 63 of the 290 eligible voters in Kimballton Independent. On September 23, 1965, the board of Audubon Community, at a meeting, undertook to agree to accept the Kimballton area as provided by Code §275.49-(2)

[275.40(2)] September 27, 1965, the defendant Board of Education of Audubon County, at a meeting, undertook to approve these merger proceedings as provided by Code §275.40-(3).

"8. Nothing was done thereafter relative to the above merger until after plaintiffs filed their petition for reorganization mentioned in Paragraph 5 above, on February 3, 1966. During this interval the County Superintendent of Audubon County did not perform any acts required by Code §275.40-(3) ; fixed no time or place for objections, and published no notice. No election was called or held as provided by §275.40-(4).

"9. The time to comply with §275.40-(3) and (4) expired before filing the reorganization petition mentioned in Paragraph 5 above. Those (merger) proceedings terminated. The Audubon County Board had abandoned them. They had not taken effect, and were no longer pending when said petition for reorganization was filed in Shelby County."

In their amended petition plaintiffs further alleged:

"8.1. Under Chapter 240, 61 G. A., Kimballton Independent would be attached to some other high school district by the Audubon County Board on April 1, 1966, or as soon thereafter as reorganization proceedings then pending should fail to accomplish its attachment to some high school district; and contemplated that this be effective July 1, 1966.

"8.2. In order to enable the people of Kimballton Independent to vote upon a reorganization which would designate the district to which it would be attached, it was necessary and desirable that such reorganization proceeding begin and proceed promptly.

"8.3. A large number of Kimballton people desire their district attached to Elk Horn-Kimballton; and desired a proceeding for that purpose which would result in a vote on it, and would dispense with the County Board's designation under said Acts of the 61st G. A. Their proceeding was commenced to. obtain such vote.

"8.4. The (merger) proceedings mentioned in Paragraph 7 of the original petition were begun for the purpose of preventing or thwarting such (reorganization) proceedings last

mentioned. Defendants here claimed that their pendency had such effect.

"8.5. Defendants refrained from proceeding promptly with the merger before them for the purpose of continuing to thwart and prevent any other attempt to reorganize Kimballton District, especially the one contemplated by the petitioners. Thus, they would enable the Audubon County Board to proceed under the Acts of the 61st G. A. even if said (merger) proceedings ultimately failed.

"8.6. Such delay necessarily had such effect for so long a period as it would, in fact, retain exclusive jurisdiction in defendants' hands.

"8.7. It is not probable that an election in Kimballton would favor attaching that district to the Audubon District. It is probable that an election would favor attaching it to Elk Horn-Kimballton District.

"8.8. Under all the surrounding circumstances, including the foregoing, and the previous litigation and adjudications mentioned in our original petition, and the history and situation of the area involved, it was defendants' duty promptly to proceed with the matter before them, go forward with it diligently and complete it within a reasonable time, and not hold it in abeyance so as to tie up the territory indefinitely against other proceedings desired by the people, or so long as to make such proceedings impractical, difficult or complicated. No circumstances reasonably justified said delay. Under all circumstances, such reasonable time and diligence expired not later than February 1, 1966; and defendants lost jurisdiction of the (merger) proceedings before them not later than said date."

■ III. That jurisdiction to proceed in a school reorganization case may be terminated by abandonment or by failure to complete it within the time required by law is well settled. Davies v. Monona County Board of Education, 257 Iowa 985, 990, 135 N.W.2d 663, 665. Therein we quoted with approval from Independent District of Sheldon v. Board of Supervisors, 51 Iowa 658, 660, 2 N.W. 590, 591, as follows: "By the proceedings taken by the plaintiff it had obtained jurisdiction over the disputed territory before any steps were taken to organize

Grant. The right to complete its organization, as provided by law, followed. It could not be ousted of its jurisdiction over the disputed territory by anything done subsequent to the commencement of the proceedings to organize the plaintiff, *unless the attempted organization was abandoned, or was not completed within the time required by law.*" (Emphasis added.)

■ Defendants' original petition premised the allegation of abandonment on the failure of plaintiffs to complete their attempted merger promptly, showing an interval from September 27, 1965, until February 3, 1966. The court did not believe an allegation of such an interval sufficient to sustain a claim of abandonment. We do not agree. In their amendment defendants charged intentional and wrongful delay which would justify a finding that jurisdiction had been lost. This was also a sufficient pleading. While it is not necessary to decide here whether the allegation of abandonment could be found to be the allegation of an ultimate fact rather than a conclusion, we are satisfied the amendment alleged facts which, if proven, would justify a finding that defendants had not proceeded as required by law with their attempted merger and had thus lost jurisdiction therein, that a claim was stated on which relief could be granted. Under the circumstances set out it could be found that the merger had not been completed within a reasonable time.

■ In In re Incorporation of Village of Brown Deer, 267 Wis. 481, 66 N.W.2d 333, the Wisconsin court held an annexation proceeding involving a 20½ square-mile area of unspecified population, which had been duly commenced with the posting of notices and the circulating of petitions, but which ten months later was still far from completion, had not been prosecuted within reason by the annexing city and thus was no bar to a later proceeding to incorporate a 1.8 square-mile area of a population of 1324, which was embraced within the 20½ square-mile area. It stated, in the absence of legislation fixing a maximum time for the completion of annexation proceedings, such proceedings once commenced must be conducted and completed within a time that is reasonable in view of all the circumstances. We believe that rule is sound and is applicable in the matter at bar.

Appellees contend any delay in the publication of the notice to objectors was caused by the county superintendent and not by the board, that it is not to be penalized because of his neglect, but this seems to us to be a matter that should be decided after answer and a full hearing, not from the pleadings alone. Appellants charge it was the board's failure to legally proceed with the merger. The function of the motion is quite limited, but ostensibly it admits the allegation that the delay, if any, was that of the board.

IV. A motion to dismiss is limited to the failure to state any claim on which any relief can be granted. In Newton v. Grundy Center, 246 Iowa 916, 920, 70 N.W.2d 162, we said: "Such motion is now almost as unnecessary as the similar obsolete pleading of demurrer. Rule 67, R. C. P.; Betz v. Sioux City, supra, 239 Iowa 95, 30 N.W.2d 778. Other available proceedings for disposition of matters on their pleadings after answer virtually eliminate the need or use of the motion to dismiss for failure to state a claim. See 32 Iowa Law Review 431, and the Advisory Committee Comment on rule 104, Cook, Iowa Rules of Civil Procedure, page 673." Also see Lagerpusch v. Lindley, 253 Iowa 1033, 1036, 115 N.W.2d 207.

In Liken v. Shaffer, 64 F. Supp. 432, at 446, the court had this to say: "A motion to dismiss is only sustainable where it appears to a certainty that a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him [citing cases]."

In view of the above-stated rule, it would appear, as to the issue of abandonment and loss of jurisdiction by unreasonable delay, both motions should have been overruled. Whether this delay was sufficient under the circumstances to sustain a conclusion of abandonment, and whether the delay was intentional and so unreasonable as to justify a loss of jurisdiction can only be decided after a full hearing on those issues.

V. Reasonable time or diligence under the circumstances and the inferences permissible from them are questions of fact and not of law. In re Incorporation of Village of Brown Deer, supra, 267 Wis. 481, 66 N.W.2d 333; Village of Brown Deer v. Milwaukee, 274 Wis. 50, 79 N.W.2d 340; and Village of

Brown Deer v. Milwaukee, 16 Wis.2d 206, 114 N.W.2d 493, 500, 501.

 Appellants maintain that, even if the statutes of Iowa fix no time for completing the merger action, it was defendants' duty to act within a reasonable time and with reasonable diligence. They contend under the circumstances alleged in their amended petition the inaction from September 27, 1965, to February 3, 1966, was unreasonable, and terminated their prior jurisdiction to reorganize, citing the Wisconsin cases above; Town of Clive v. Colby, 255 Iowa 483, 121 N.W.2d 115, and 123 N.W.2d 331; 67 C. J. S., Officers, section 114; Code sections 275.1 and 275.6; State ex rel. Harberts v. Klemme Community Sch. Dist., supra, 247 Iowa 48, 72 N.W.2d 512; Allely v. Board of Education, 252 Iowa 1142, 110 N.W.2d 410; Wapello County Board v. Jefferson County Board, 253 Iowa 1072, 115 N.W.2d 212; and Davies v. Monona County Board of Education, supra, 257 Iowa 985, 135 N.W.2d 663.

In reorganization proceedings, as in annexation or other akin proceedings, prompt action, reasonable dispatch and due diligence to complete the undertaking appear to be reasonable requirements to retain jurisdiction. In Colby, we held an annexation must be completed in a reasonable time, as did the Wisconsin court in the Brown Deer cases. In Klemme, we recognized jurisdiction could be abandoned or lost by failure to complete the reorganization within the time required by law. In the Allely case, we recognized the legislative purpose to accomplish desirable, reasonable and prompt school reorganizations in the state, and in Wapello, we found section 275.40 was enacted to allow *prompt* and easy reorganization.

In Davies v. Monona County Board, supra, at page 990 of 257 Iowa, page 665 of 135 N.W.2d, we recently held jurisdiction can be and was lost, saying: "The only claim of any breath of life left in the first reorganization * * * is not sufficient to require the application of the Klemme rule. The boards have abandoned the first plan and it is no longer pending, * * *."

Without unduly extending this opinion, we conclude that the motion to dismiss plaintiffs' petition, as amended, should not have been granted and that further proceedings are necessary to

determine whether defendants had abandoned their merger proceedings, or had by unreasonable delay lost jurisdiction to complete the same.

VI. Section 275.40 grants to a school district not operating a high school the right to merge with a contiguous high school district. Appellees contend the petition on its face shows the Audubon and Kimballton districts were contiguous and discloses no claim upon which any relief could be granted. Although we are inclined to agree with the trial court on this issue under our pronouncements in State ex rel. Warrington v. Community School District of St. Ansgar, 247 Iowa 1167, 78 N.W.2d 86, Zilske v. Albers, 238 Iowa 1050, 29 N.W.2d 189, and others, we recognize appellants' contention that a 20-rod corridor does not meet or substantially comply with the requirements of the Code, and since the cause must be sent back for further proceedings this contention likewise may be considered. Strangely, it seems this issue has not been raised or considered in any of our previous reorganization cases.

VII. In their final assignment appellants contend the trial court erred in holding their petition insufficient to present the issue of res judicata. This issue concerns appellants' claim that two prior district court cases adjudged that these districts are not contiguous. Their petition pleaded these judgments. Rule 98, R. C. P. Although this pleading alleges the judgment found as a fact that Kimballton and Audubon were not so situated that they could not be included within one community district, that may or may not be a determination that these districts are not contiguous as the term is used in section 275.40.

Usually, questions as to the effect of judgments as res judicata cannot be decided from part of a judgment alone, but must be determined by the aid of the entire record. Titus Loan & Investment Co. v. Natural Gas Pipe Line Co., 223 Iowa 944, 950, 274 N.W. 68; Sampson v. Jump, 188 Iowa 528, 176 N.W. 318; 30A Am. Jur., Judgments, section 457, page 501.

Paragraph 11 of plaintiffs' petition alleges: "Also, in Cause No. 14688 previously tried in this court, the Elk Horn-Kimballton Community District, and others, were plaintiffs, and the Board of Education of Audubon County and others were de-

fendants. Therein, said defendants sought to have Kimballton Independent included as a part of the proposed Audubon Community District. But on January 31, 1959, this court found that Kimballton Independent was not so situated in relation to the Audubon Community District so as to be includable therein; and, if the boundaries of Audubon Community District would include Kimballton Independent, they would be repugnant to the purposes of the Reorganization statutes. Final Judgment was rendered in that case accordingly, and by reason of that adjudication and final judgment this matter is res judicata and may not be relitigated."

Different views and different claims about the record in the former suits are expressed by counsel. We are in no position to determine in this appeal which is the correct view, and feel we should adopt appellants' suggestion that we remand for a more complete showing as to these judgments.

Although it may be that facts determined in former decisions of the court preclude the existence of the required contiguity here, we have no way to determine the validity of that contention under this record. As bearing on this problem, see 30A Am. Jur., Judgments, section 371, pages 411–416; King City, Mo., v. Southern Surety Co., 212 Iowa 1230, 1235, 238 N.W. 93. Under these pleadings that issue cannot be determined here as a matter of law. Perhaps the files, when introduced in evidence, will disclose factual determinations which will be an adjudication of the issue of contiguity, and while it may be true the court takes judicial notice of its own record, we do not feel the allegations herein are sufficient to sustain a legal determination that these districts have been held noncontiguous in a previous action between these parties or parties in privity. As appellees contend, it appears in neither case was the question raised as to whether the areas involved in those petitions were contiguous. We also note from the arguments that those decisions may be based upon the ground of gerrymandering, not contiguity.

Although such an issue may properly be raised in defendants' answer, only when those records appear in the evidence can we determine the applicability of the res judicata doctrine.

In any event, since the case must be remanded, the applicability of those district court decisions can be decided when and if they are properly before us. In the meantime, the trial court will have had the opportunity to review the complete record and pass squarely upon this issue.—Reversed and remanded.

All Justices concur.